## Starvcevic *v.* National Croatian Society, Appellant.

*Beneficial associations—Benefits—Loss of leg—Sick benefits.*

Where the by-laws of a beneficial association provide for sick benefits payable by a local section at the rate of five dollars a week for nine months, and thereafter a payment of the same amount per week by the general society, but with a provision that when the beneficiary received $800 he ceases to be a member, and another by-law provides for the payment of $400 for the loss of a leg, a member who has received $5.00 a week for nine months from the local section and $400 for the loss of a leg, without waiving any of his rights to sick benefits from the general society is entitled to receive from the latter the difference between $800 and the total amount which he received, $580, that is to say $220.

Argued April 14, 1910. Appeal, No. 19, April T., 1910, by defendant, from order of C. P. No. 4, Allegheny Co., Fourth T., 1908, No. 860, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Paval Starvcevic v. The National Croatian Society. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

232 STARVCEVIC *v.* NAT. CROATIAN SOC., Appellant.

Statement of Facts—Opinion of the Court. [44 Pa. Superior Ct.

Assumpsit for sick benefits. Before COHEN, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment for $220 for want of a sufficient affidavit of defense.

*Robert T. Reineman,* with him *Charles W. Jones,* for appellant.

*J. S. McKelvey, Jr.,* with him *Langfitt & McIntosh* and *Frank B. Wickersham,* for appellee.

OPINION BY HENDERSON, J., October 10, 1910:

The plaintiff's leg was injured on April 14, 1906, while he was a member in good standing of the sub-assembly of the defendant society located at Steelton, Pennsylvania. He thereby became entitled to the benefits of by-law No. 24 of the society, which provides that "All members if sick shall receive according to the Sub-Assembly by-laws, a weekly benefit of not less than five dollars per week during a period of not more than nine months. A member who has been regularly assisted by his Sub-Assembly during a period of nine months, if still sick, shall be consigned to the National Croatian Society, which shall assist him with an allowance of five ($5.00) dollars per week from the Endowment Fund for the invalid members of the National Croatian Society." In accordance with the obligation of this by-law the sub-assembly assisted the plaintiff to the amount of $5.00 per week until January 14, 1907, at which time he was consigned to the national society. The latter organization thus became bound to contribute to his support at the rate of $5.00 per week during the continuance of his disability subject to the restriction of by-law No. 27, which provides that "In all cases where the beneficiary

receives eight hundred ($800) dollars, the insured ceases to be a member of the National Croatian Society." By-law No. 19 provides that "A member who loses a leg shall receive a benefit of four hundred ($400) dollars from the National Croatian Society." The affidavit of defense states that the plaintiff made application under this by-law for an allowance of $400 for the loss of his leg and that this amount was paid to him on May 27, 1908, "in accordance with said by-law No. 19." It is not stated in the declaration nor alleged in the affidavit of defense that the plaintiff sustained an actual amputation of the leg, the fact appearing to be that some time shortly before May 27, 1908, the injury to the plaintiff was recognized as permanent and equivalent to the actual loss of a leg and on that state of facts payment of the $400 was made. The defense set up is that this payment amounted to a full discharge of the defendant and that the plaintiff is not entitled to receive the benefits provided for under by-law No. 24. We need not consider what the position of the defendant would be if the plaintiff had actually lost a leg and suit were brought for sick benefits after the injury, for the plaintiff did not suffer the loss of his leg. He was injured and was rendered sick by the hurt he received, but it cannot be contended that up to the time when his injury was regarded by him and the society as equivalent to the loss of his leg he was not entitled to the relief provided for by the by-law. There is nothing in the case to show that the plaintiff could have successfully maintained a claim for $400 under by-law No. 19 for the loss of his leg at any time before it was agreed by him and the society that he should be considered as entitled to that amount and during all the preceding period while he was a charge of the national society he was entitled to the weekly payment of $5.00 as provided for in by-law No. 24. If he had recovered from his injury he would, of course, not have been entitled to the $400. It does not at all follow because he was paid that amount in May, 1908, that he is to be re-

garded as having lost his leg at the time of the injury. There was a chance for recovery and the plaintiff and the society evidently so looked at the case. We think it clear, therefore, that up to the time when the parties agreed to act on the assumption that the plaintiff had lost his leg the right to benefits survived. The affidavit does not state when this arrangement was made, but it does show that payment was made May 27, 1908, and it was presumably near this time that "The defendant recognized said claim as a valid one" as stated in the affidavit of defense. The plaintiff would have been entitled to the weekly benefit allowed by by-law No. 24, up to that date if it were not for the limitation of by-law No. 27. He received $180 from the local lodge and $400 from the defendant. These sums are to be deducted from the total amount which he could receive. This would leave a balance of $220 to which the plaintiff would be entitled. As the plaintiff had been a charge on the national society for about sixty-six weeks up to the time when the $400 payment was made the balance of $800 covers but two-thirds of that period and this is the amount which with interest the court below adjudged to be due the plaintiff. The averment in the affidavit of defense that the plaintiff received and accepted the sum of $400 in full satisfaction of his claim for said injury must be read in connection with that part of the affidavit which states that payment of the sum of $400 was made to the plaintiff in accordance with by-law No. 19. It was evidently not intended by the defendant to allege that the plaintiff had expressly released his claim for sick benefits accrued under by-law No. 24, for the payment was made under by-law No. 19. If the plaintiff accepted the payment of $400 in satisfaction and discharge of all that was due him under either by-law that fact should have been clearly set forth.

The action of the court below is consistent with the facts as presented in the declaration and affidavit of defense and the judgment is affirmed.